IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUZIE LYNN MILLER,)
)
       Plaintiff,)
)
   vs.) Civil Action No. 15-815
)
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
       Defendant.)

O R D E R

AND NOW, this 29th day of September, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

1

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff, proceeding pro se, argues essentially that the Administrative Law Judge ("ALJ") erred by: (1) failing to acquire and consider all of Plaintiff's medical records; (2) improperly relying on the testimony of the Vocational Expert ("VE"); (3) improperly assessing the medical opinions in the record in making Plaintiff's residual functional capacity assessment ("RFC"); (4) improperly evaluating Plaintiff's subjective complaints and her overall credibility; and (5) failing to provide Plaintiff with a full and fair hearing. Additionally, Plaintiff claims that her counsel was ineffective. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, Plaintiff asserts that the ALJ should have considered not just her medical history already contained in the record, but that he also should have acquired and considered all of her medical records from the past 27 years. The Court notes that Plaintiff filed her SSI application in November 2012, in which she claimed disability beginning on February 20, 2007. (R. 190). Moreover, the ALJ stated in his decision that he considered Plaintiff's complete medical history consistent with 20 C.F.R. § 416.912(d), which provides that evidence from more than a year before a claimant's filing date is generally not relevant to a case. Thus, there was no reason for the ALJ to seek out records from an earlier period—and certainly not records dating back 27 years. The Court therefore finds that the ALJ did not err in this regard.

Second, the Court finds no merit in Plaintiff's argument that the ALJ improperly relied on the testimony of the VE in his decision. In fact, the Social Security regulations expressly provide that an ALJ is permitted to use and rely on a VE's testimony. See 20 C.F.R. § 416.966(e). Additionally, while a hypothetical question to the VE must accurately portray the claimant's impairments, such question need only reflect those impairments that are adequately supported by the record. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). The Court notes that, at the administrative hearing in this case, the ALJ asked (in a typical and appropriate manner) whether Plaintiff's counsel would stipulate to the VE's qualifications—which she did—and then the ALJ proceeded to ask the VE a series of hypothetical questions. (R. 89-93).

Specifically, the ALJ asked the VE to assume an individual of the same age and education as Plaintiff, but with certain limitations including the following: being limited to performing work at the light exertional level; only standing and walking four hours and sitting six hours in an eight hour day; only occasional climbing, balancing, stooping, kneeling, crouching, and crawling; no climbing of ropes, ladders, and scaffolds due to history of epilepsy; avoiding all exposure to hazards such as unprotected heights and dangerous machinery, and avoiding concentrated exposure to dust, fumes, odors, gasses, and poor ventilation; no jobs

requiring good peripheral vision; and only occasional pushing, pulling and overhead lifting with her right, dominant upper extremity. (R. 89-91). In an appropriate response to whether such a person could perform any work, the VE then testified that an individual with Plaintiff's background and limitations, as specifically spelled out by the ALJ, could perform certain light exertion jobs that exist in significant numbers in the national economy, including ticket seller, order caller, and marker. (R. 90-91). Therefore, the Court finds that the ALJ's hypothetical question to the VE fully accommodated the limitations properly included in the RFC, as discussed infra, and that the VE's testimony that Plaintiff could perform work existing in the national economy was sufficient to sustain the Commissioner's burden at Step Five. (R. 948). Accordingly, the Court finds that the ALJ did not err in relying on the testimony of the VE in his decision.

Third, Plaintiff contends that the ALJ improperly assessed the medical opinions in the record in formulating Plaintiff's RFC. The Court notes that, as the finder of fact, it is the ALJ's responsibility to formulate a claimant's RFC, and the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006); 20 C.F.R. § 416.946(c). Moreover, it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Thus, it is the duty of the ALJ to consider all the relevant evidence in the record and to formulate an RFC based upon an independent analysis of that evidence. See 20 C.F.R. § 416.945. In evaluating any medical opinion, the ALJ must give each opinion appropriate weight based on certain factors, including whether the opinion is supported by medical signs and laboratory findings, and whether the opinion is consistent with the record as a whole. See 20 C.F.R. § 416.927(c)(1)-(6).

In particular, Plaintiff argues that the ALJ improperly failed to give sufficient weight to the opinion of consultative examiner Joanna R. Swauger, D.O. The Court notes, however, that the ALJ's opinion contains nearly three pages of discussion of the ALJ's reasons for giving little weight to Dr. Swauger's opinion. While it is not necessary to rehash the ALJ's entire analysis here, the ALJ included in his explanation consideration of certain critical factors, including the following: that Plaintiff admitted to Dr. Swauger that she had not taken any medications for two years, despite her complaints of significant pain; that Dr. Swauger did not review Plaintiff's longitudinal medical records; that the medical records did not credibly establish that Plaintiff had a herniated disc or was medically required to use crutches; that the findings of Dr. Swauger were not so abnormal as to support the highly restrictive limitations she found; that the breathing studies Dr. Swauger conducted did not support her findings; and that Plaintiff's ER visit for hives contradicted Dr. Swauger's findings since Plaintiff indicated then that she had no pain or seizure activity nor was she taking any medications. (R. 945-47). Thus, the Court finds that the ALJ thoroughly considered Dr. Swauger's findings and provided a comprehensive discussion of his evaluation of those findings in his decision.

Plaintiff also contends that it was improper for the ALJ to give "significant weight" to the assessments of state non-examining medical consultant James Caramanna, M.D., who, after reviewing all the relevant evidence of record as of May, 2013, found that Plaintiff "could perform a narrow range of light work, with environmental limitations, given Plaintiff's COPD." (R. 947). The ALJ explained that he found Dr. Caramanna's assessments to be "more consistent with the cumulative evidence of record, including [recent] ER records, which post-date Dr. Caramanna's and Dr. Swauger's assments." (R. 947). Although Plaintiff would prefer that the Court rely on Dr. Swauger's opinion, the Court of Appeals for the Third Circuit has stated that, in making an RFC determination, an ALJ may give more weight to a non-examining professional's opinion if that opinion is better supported by the record. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of a non-examining state agency reviewing psychologist, rather than the opinions of a treating physician and a consultative examiner). As in Salerno, the record here establishes that the ALJ was likewise entitled to give more weight to a state agency examiner's opinion than to that of a consultative examiner.

Finally, Plaintiff asserts that the ALJ ignored the records from the doctors who treated her between September, 2009, and December, 2011, Fred C. Edge, M.D., and Mark G. Franz, D.O. First of all, the Court notes that the ALJ specifically discussed the records from these providers, making repeated references to them in his decision. Nevertheless, after a significant review of these materials, the ALJ ultimately concluded that, although the records "substantiate some impairments and limitations, the overall findings are mild to moderate." (R. 946-47). And while Plaintiff also complains that the doctors' treatment notes actually contradict the opinions of the state's "biased providers," the Court notes that one page Plaintiff cites contains cryptic comments, and neither page specifically cited by Plaintiff addresses functional limitations or indicates an actual opinion that Plaintiff is disabled. (R. 294, 595). Additionally, the treatment notes specifically cited are from more than one year before Plaintiff filed for SSI and thus pre-date the relevant period concerning her functioning during the period under review. (R. 294, 595).

Thus, upon review, the Court finds that the ALJ properly discharged his duty to consider Dr. Swauger's opinion, Dr. Caramanna's opinion, and the other relevant evidence presented in the record. Throughout his decision, the ALJ clearly considered all the evidence, provided discussion of the evidence to support his evaluation, and ultimately concluded that certain opinion evidence was not supported by the evidence as a whole. Therefore, the Court finds that substantial evidence supports the ALJ's evaluation of the opinions presented and his decisions as to the weight he gave to those opinions in making his ultimate determinations regarding Plaintiff's RFC.

Fourth, Plaintiff argues that the ALJ erred in evaluating her subjective complaints. In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms

and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.   See 20 C.F.R. § 416.929(a).   A claimant's subjective complaints of pain and other symptoms alone are not sufficient to establish disability.   See id.   In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms she alleges.   See 20 C.F.R. § 416.929(b).   Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit her ability to work.   See 20 C.F.R. § 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment).

In this case, the ALJ discussed at significant length Plaintiff's medical history and records and Plaintiff's own statements regarding her alleged impairments.   The ALJ found that Plaintiff has a number of severe impairments, including degenerative disc disease of the cervical spine; chronic obstructive pulmonary disease; history of post-traumatic seizures, with decreased peripheral vision; history of chronic neck, back and right shoulder sprain/strain, with pain; and history of adhesive capsulitis of the right shoulder.   (R. 942).   However, upon review of all the evidence, the ALJ ultimately found that the evidence as a whole simply does not support the extreme limitations Plaintiff alleges.

In support of her claim, however, Plaintiff contends that the ALJ "was required to give serious consideration to [her] subjective complaints, especially since the record contained evidence of impairments that could reasonably be expected to cause disabling pain."   (Doc. No. 12, at 10).   Also, Plaintiff concedes that, even if Dr. Swauger's reports might have been influenced by subjective information Plaintiff provided, those reports were not necessarily lacking in probative value, and she argues that the ALJ does not provide clear and convincing reasons for rejecting Dr. Swauger's opinion by questioning the credibility of Plaintiff's complaints.   The Court finds, however, that the ALJ did give proper consideration to Plaintiff's complaints in finding her statements regarding her limitations to be not entirely credible, including the fact that Plaintiff has not sought any recent treatment for her various ailments (including daily epileptic seizures and significant pain), nor has she taken any medications for several years, and the fact that she admits to daily reading and watching television despite her visual problems and alleged pain.   Moreover, as described supra, the Court finds that the ALJ also thoroughly assessed the opinion of Dr. Swauger and gave adequate reasons for evaluating it as he did.

Additionally, it was proper for the ALJ to consider whether there was objective medical evidence that supported Plaintiff's testimony overall.   See 20 C.F.R. § 416.929(c)(2).   Thus, the ALJ was permitted to consider factors such as whether she was seeking treatment for her complaints, whether she was taking any medications for those complaints, and whether she was using any other measures to alleviate her alleged pain and other symptoms.   See 20 C.F.R. § 416.929(c)(3)(iv)-(vi).

5

In sum, after thorough consideration of the evidence, the ALJ ultimately found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" for the reasons he provided in his decision. (R. 945). As described supra, the ALJ reviewed Plaintiff's complaints in accordance with the regulations and provided sufficient explanation as to why he found Plaintiff's allegations to be not entirely credible. The Court, therefore, finds that the ALJ did not err in evaluating Plaintiff's credibility regarding her subjective complaints.

Fifth, Plaintiff argues that she did not receive a full and fair hearing because of improper behavior on the part of the ALJ, which she contends included questioning that was "obnoxious, offensive, disrespectful, and unworthy of a government official of the United States of America." (Doc. No. 12, at 7). The regulations provide that "'[a]n administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision.'" Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995) (quoting 20 C.F.R. §§ 404.940, 416.1440 (1994)). Additionally, the plaintiff "must bring any objections to the attention of the ALJ, and the ALJ shall decide whether to continue the hearing or withdraw." Id. Then, if the ALJ does not withdraw, the plaintiff "may present objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another ALJ." Id. Thus, the procedures provide that Plaintiff's representative here should have, at the administrative hearing, "alleged that the ALJ was prejudiced and requested that he disqualify himself." Id. That did not occur, however, and, while Plaintiff could be deemed to have waived a bias claim by failing to raise it in the manner specified in the regulations, the Court finds, regardless, that no valid bias claim exists here. See Hummel v. Heckler, 736 F.2d 91, 94 (3d Cir. 1984); see also Ventura, 55 F.3d at 902 (noting that, by raising the bias issue at the administrative hearing, the plaintiff in that case abided by the procedures set forth in the regulations regarding disqualification of ALJs).

In this case, Plaintiff contends that the ALJ's "bickering questioning succeeded in making Suzie very uncomfortable and nauseous, and is not indicative of what a learned and courteous government adjudicator should be." (Doc. No. 12, at 8). Upon review of the transcript, however, the Court finds that the ALJ engaged in typical, routine questioning in order to draw out and clarify Plaintiff's allegations, and that his behavior towards Plaintiff and her counsel and his questioning overall was courteous, patient and professional in all respects.

Thus, in no way does the record indicate anything remotely akin to "deep-seated favoritism or antagonism that would make fair judgment impossible" regarding Plaintiff's case. Liteky v. United States, 510 U.S. 540, 555 (1994). As the Third Circuit has explained, "[t]he right to an unbiased ALJ is particularly important because of the active role played by ALJs in social security cases" in which they "have a duty to develop a full and fair record." Ventura v. Shalala, 55 F.3d at 902. In fulfilling that duty, "an ALJ must secure relevant information

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

regarding a claimant's entitlement to social security benefits," and the Court finds here that the comments and questions addressed to Plaintiff and her attorney do not demonstrate improper behavior on the part of the ALJ. Id.; see also Valenti v. Comm'r of Soc. Sec., 373 Fed. Appx. 255, 258 (3d Cir. 2010) (finding that the plaintiff had not identified any evidence indicating bias or misconduct by the ALJ, unlike in Ventura, where the ALJ "had engaged in coercive, intimidating, and irrelevant questioning of the claimant and had improperly interfered with the claimant's attempt to introduce evidence establishing disability"). Thus, the Court finds that Plaintiff has not shown bias or improper behavior on the part of the ALJ, nor that he in any way prevented Plaintiff or her attorney from fully developing the record in this case.

Lastly, Plaintiff argues that her attorneys, whom she had hired to represent her in this case, were ineffective at the hearing. Such contention does not, however, provide a basis for remanding her case because a claim of ineffective assistance of counsel is "not cognizable on review of the Commissioner's decision." Nelson v. Astrue, No. 07-2622, 2008 WL 4078464, at *7 (E.D. Pa. Aug. 29, 2008); Dowd v. Comm'r of Soc. Sec., 2009 WL 2246153, at *6 (W.D. Pa. July 26, 2009). Quite simply, "[a] social security claimant who was represented by counsel of [her] own choosing cannot at a later time complain that the representation was inadequate." Nelson, 2008 WL 4078464, at *7).

In sum, the ALJ addressed all relevant evidence in the record, including full consideration of the opinion evidence, and he thoroughly discussed the basis for his RFC finding. After careful review of the record, the Court finds that there is substantial evidence to support the ALJ's reasons for not giving controlling weight to various opinions in the record, as well as his decision to give greater weight to other opinion evidence in reaching his final determination. Additionally, the Court finds that the ALJ did not err in assessing Plaintiff's credibility, nor did he err in relying on the testimony of the VE in reaching his decision. Finally, Plaintiff has not shown the existence of bias or improper behavior on the part of the ALJ. Accordingly, the Court affirms.